STATE of Minnesota, Respondent,

v.

Tony OLISA, Appellant.

No. 49196.

Supreme Court of Minnesota.

Jan. 11, 1980.

C. Paul Jones, Public Defender, and Robert E. Oliphant, Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Thomas L. Johnson, County Atty., Vernon E. Bergstrom, Chief, App. Div., David W. Larson, Thomas A. Weist, and Janeen E. Rosas, Asst. County Attys., Minneapolis, for respondent.

**KELLY, Justice.**

Defendant was found guilty by a district court jury of a charge of attempted theft by trick, Minn.Stat. §§ 609.17 and 609.52, subd. 2(1, 3, 4) (1976), for shipping his automobile out of the country, falsely reporting it as stolen, and then attempting to collect insurance on it; and was sentenced by the trial court to a maximum term of 3 years in prison. On this appeal from judgment of conviction, defendant contends that (1) the evidence of his guilt was legally insufficient, (2) the trial court erroneously denied a motion to suppress two confessions, (3) the trial court erroneously admitted testimony concerning a document signed by defendant acknowledging receipt of the automobile in Germany after shipping it there, and (4) the trial court improperly interrogated defendant during the trial. We affirm.

■ Defendant's main contention is that the trial court erred in admitting testimony concerning a document defendant signed acknowledging receipt of his automobile in Germany, to which defendant shipped it as part of his plan to report it as stolen and collect insurance on it. This evidence took the form of expert testimony by a handwriting expert, who testified that the signature on the receipt was defendant's. Defendant, who admitted in his testimony that he shipped the car to Germany, denied receiving it there; rather he claimed that friends of his had received it and used it, after which they had shipped it back to defendant in the United States before July 17, when defendant reported it stolen. The evidence concerning the document signed by defendant discredited defendant's testimony that he had not received the car in Germany and, since the date on the receipt was July 7, it also made it highly unlikely that the car could have been shipped back to the United States before July 17, when it was reported stolen. While our examination of the record supports the trial court's reliance on R. 804(b)(5), R.Evid.,[1] in admitting the evidence—since the German clerk who prepared the document for signing was unavailable and since the evidence bore sufficient indicia of reliability—we also note that the evidence may have been admissible as an admission by a party opponent. See R. 801(d)(2), R.Evid., and 1 J. Wigmore, *Evidence,* § 156 (1940).

■ Defendant also contends that the trial court improperly interrogated him after the defense counsel and prosecutor completed their interrogation of him. While R. 614(b), R.Evid., provides specifically that "The court may interrogate witnesses, whether called by itself or by a party," the court, especially in criminal cases, must exercise this prerogative most cautiously. For a full discussion, see 3 J. Weinstein, *Evidence — United States Rules,* § 614[03] (1978) and 3 D. Louisell and C. Mueller, *Federal Evidence,* § 365 (1979). Here we do not reach the issue of whether the trial court erred in interrogating defendant, because defendant, by his failure to object,[2] must be deemed to have forfeited his right to have this court consider the issue on appeal and because plain error is not apparent.

Defendant's contention that the evidence of his guilt was legally insufficient is meritless, as is his contention that the trial court erred in admitting defendant's two confessions.

Affirmed.

---

1. R. 804(b)(5), R.Evid., reads as follows:

(b) The following are not excluded by the *hearsay rule if the declarant is unavailable as* a witness:

    \*    \*    \*    \*    \*    \*

(5) *Other exceptions.* A statement not specifically covered by any of the foregoing exceptions but having equivalent circumstantial guarantees of trustworthiness, if the court determines that (A) the statement is offered as evidence of a material fact; (B) the statement is more probative on the point for which it is' offered than any other evidence which the proponent can procure through reasonable efforts; and (C) the general purposes of these rules and the interests of justice will best be served by admission of the statement into evidence.

2. R. 614(c), R.Evid., provides:

Objections to the calling of witnesses by the court or to interrogation by it may be made at the time or at the next available opportunity when the jury is not present.